Justice KOONTZ, concurring.
 

 I concur with the decision of the Court in this case, which properly limits its scope to issues presented by the record on appeal. I write separately to stress that our decision in this case, as well as our decision in
 
 Gibson v. Commonwealth,
 
 276 Va. ___, ___ S.E.2d ___ (2008) (this day decided), necessarily leaves unresolved a significant issue concerning the inherent authority of the trial courts of this Commonwealth to defer rendering final judgments in criminal cases.
 

 Specifically, the issue we are unable to reach is whether a trial court,
 
 at the request of the accused and with the agreement of the Commonwealth,
 
 may in the exercise of inherent authority decline to render a judgment in a criminal case and continue the case to permit the accused to satisfy terms akin to probation with the understanding that the court will enter a particular disposition at a later date upon compliance by the accused with those terms. It is a matter of common knowledge and practice of long standing in this Commonwealth that our trial courts have been entrusted to render justice in this manner in those exceptional cases that warrant this practice.
 

 Surely, in time a case will come before this Court with the appropriate record to permit us to properly address this issue. In the meantime, I am left only to observe that our trial courts' inherent authority to render justice in a given case should extend in scope sufficient at least to permit this procedure to be used in appropriate cases and upon consent of the accused and the Commonwealth.
 

 Justice KINSER, with whom Justice KEENAN and Justice AGEE join, concurring.
 

 I agree in all respects with the majority opinion and the Court's decision in this case. Nevertheless, I write separately to emphasize one point. The record on appeal does not permit us to decide the question whether a trial court has the inherent authority, as opposed to the statutory authority in certain situations,
 
 see, e.g.,
 
 Code §§ 16.1-278.8(A)(5); 18.2-61(C); 18.2-67.1(C) and 18.2-251, to decline to render judgment in a criminal case and continue the case with or without probationary-type terms with the understanding or promise that the court will ultimately render a particular disposition after a specified period of time. I stress this point because of my concern that, according to Justice Koontz' concurring opinion, it is a common practice by the trial courts in this Commonwealth to dispose of criminal cases in this manner when a defendant requests the court to do so and the Commonwealth agrees although the General Assembly has not authorized that type of disposition for the particular offense at issue.
 

 The concurrence also states that a trial court's "inherent authority to render justice in a given case should extend in scope sufficient to permit this procedure to be used in appropriate cases and upon consent of the accused and the Commonwealth." But, this is the precise question that the Court does not answer today because it is not properly before us. The Court's inability to address this issue should not be viewed as a tacit approval of the practice.
 

 For this reason, I respectfully concur.